# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SIMMONS, | CASE NO. 1:06-cv-1867-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CASTRO, et al., | (Doc. 9) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |
| _____/ | |

**Findings and Recommendations following Screening of Amended Complaint**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 22, 2006. On October 3, 2007, this court issued an order dismissing plaintiff's complaint with leave to file an amended complaint. (Doc. 8). Plaintiff filed an amended complaint on November 1, 2007. (Doc. 9).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

11  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

12  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

18  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20  266, 268 (9th Cir. 1982)).

21  **II.    Summary of Plaintiff' Amended Complaint**

22      Plaintiff is incarcerated at Kern Valley State Prisoner, where the events giving rise to this

23  action allegedly occurred. Plaintiff names Correctional Officer Castro and Correctional Officer

24  Garza as defendants. Plaintiff seeks money damages.

25      Plaintiff alleges that August 24, 2005, he was issued a rules violation for fighting with his

26  cell mate. Plaintiff contends although he was entitled to a hearing within 30 days, his hearing did

27  not take place until October 20, 2005. On October 28, 2005, it was determined that plaintiff was

28  denied due process and a re-hearing was ordered. A re-hearing was held on December 15, 2005,

2

1  where plaintiff was found guilty of the rule violation and referred to classification for judgment.  On

2  March 29, 2006, plaintiff was assessed a 6 month SHU term for "Battery on an inmate."

3         Plaintiff alleges that he was denied his constitutional rights to due process by defendant

4  Castro, who failed to hold a hearing within 30 days.  Plaintiff alleges that defendant Garza failed to

5  address the due process issue during his re-hearing.  He also claims he was subjected to cruel and

6  unusual punishment by being found guilty of a charge the was never determined to be serious per

7  CCR 3315.

8         The Due Process Clause protects prisoners from being deprived of liberty without due

9  process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a cause of action

10  for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

11  interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause

12  itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  The state does not create

13  protectable liberty interests by way of mandatory language in prison regulations.  <u>Sandin v. Conner</u>,

14  515 U.S. 472, 481-84 (1995).  Rather, the existence of a liberty interest is determined by focusing

15  on the nature of the deprivation.  <u>Id</u>.  Liberty interests created by prison regulations are limited to

16  freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

17  to the ordinary incidents of prison life."  <u>Id</u>. at 484.

18         Plaintiff is pursuing a claim under section for 1983 for violation of his rights under the Due

19  Process Clause.  The provision for certain procedural protections under state law does not work to

20  enlarge the protections plaintiff is due under federal law, which as discussed below are fairly

21  minimal.  <u>See</u> <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997).  Thus,

22  allegations concerning the failure of staff to follow certain state regulations concerning procedure

23  do not give rise to a claim for relief unless plaintiff has a protected liberty interest at stake <u>and</u>

24  plaintiff is deprived of the procedural protections he is also due under federal law.

25         The Due Process Clause itself does not confer on inmates a liberty interest in being confined

26  in the general prison population instead of segregation, <u>see</u> <u>Hewitt</u>, 459 U.S. at 466-68, and plaintiff

27  has not alleged any facts which support a finding that plaintiff had a liberty interest in remaining free

28  from the Security Housing Unit created by state law.  The amended complaint is devoid of any facts

supporting a finding that plaintiff was subjected to a situation which constituted atypical and significant hardship. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Accordingly, the court recommends that plaintiff's due process claims be dismissed, with prejudice.

Plaintiff also alleges that he was subjected to cruel and unusual punishment for being found guilty of the charge that resulted in his SHU placement. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Plaintiff has not described any conditions to which he was subject that would implicate the Eighth Amendment.

**III.   Conclusion**

Plaintiff's amended complaint does not state any cognizable claims for relief against the named defendants. The court previously provided plaintiff with the applicable legal standards and with an opportunity to amend, but plaintiff has failed to cure the deficiencies in his claims. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written

///

///

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   <u>**October 7, 2008**</u>                    <u>      **/s/ Dennis L. Beck**      </u>
                                                               UNITED STATES MAGISTRATE JUDGE